UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARIN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES CENTRAL DISTRICT COURT,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00726-PA-KES<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.
## BACKGROUND

On January 31, 2022, the Court received by mail a filing purporting to be a civil rights Complaint filed by Ciro Sanchez as "power of attorney" for Plaintiff Juan Carlos Marin ("Plaintiff"), a California inmate. (Dkt. 1.) On February 2, 2022, the Clerk's office gave a "Notice of Deficiency" advising that Plaintiff is housed at the California Men's Colony (see Dkt. 1 at 2[1]), an institution that

---

[1] Page citations are to the pagination imposed by the Court's electronic filing system.

1

participates in the Court's pilot project for e-filing inmate complaints, per the Court's General Order 18-02. (Dkt. 2.) The notice advised Plaintiff to re-submit the Complaint electronically, which he failed to do.

On February 23, 2022, the Court issued an Order to Show Cause ("OSC") why the Complaint should not be dismissed for failing to comply with the e-filing requirements of General Order 18-02. The Court advised Plaintiff that he may discharge the OSC by refiling the Complaint electronically on or before March 9, 2022. The Court also advised Plaintiff that "[i]f he fails to do so, then the Complaint may be promptly dismissed without prejudice." (Dkt. 4.)

As of the date of this Order, Plaintiff has failed to refile his Complaint electronically or take any further action in this matter.

## II.
## DISCUSSION

**A.     Legal Standard.**

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B.     Analysis.**

The first factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). This factor thus weighs in favor of dismissal.

The second factor similarly weighs in favor of dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). The second factor thus focuses on whether a particular case has "consumed . . . time that could have been devoted to other cases on the [court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket."). The Court's need to manage its docket favors dismissal here because Plaintiff's "noncompliance with the OSC has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations marks omitted).

The third factor also favors dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale," Pagtalunan, 291 F.3d at 643. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor favors dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132, n.1 (9th Cir. 1987); Ferdik, 963 F.2d at 1262 ("[A]

district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citations omitted).The Court has considered and implemented less drastic alternatives prior to dismissal.  The OSC explicitly ordered Plaintiff to refile his Compliant electronically and that his failure to do so would result in prompt dismissal.   Any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failure to obey Court's orders and prosecute his case.

The fifth factor ordinarily weighs against dismissal.  See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward towards a resolution on the merits." In re Phenylpropanolamine, 460 F.3d at 1228.  Accordingly, "this factor 'lends little support' to a party [such as Plaintiff,] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  Id.; see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.")

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice.  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, the action will be dismissed in its entirety without prejudice.

# IV.
# CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice for failure to prosecute.

DATED: March 21, 2022

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE